UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-CR-00020-GFVT-HAI-23 |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM HELBIG, JR., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1206.] Defendant William Helbig, Jr. has been charged with four violations of his terms of supervised release. *Id.* at 2–3.

On July 17, 2014, this Court sentenced Mr. Helbig to 87 months imprisonment, followed by a four-year term of supervised release. [R. 701.] In August 2015, Mr. Helbig's sentence was reduced to 70 months imprisonment. [R. 708.] Mr. Helbig was released and began his period of supervision on August 17, 2017. On April 30, 2018, the United States Probation Office issued a Supervised Release Violation Report which charged Mr. Helbig with four violations. The violation stem from conduct that occurred following a random drug test.

The Report alleges that, on April 13, 2019, U.S. Probation Officer Scott Greiwe contacted Mr. Helbig to obtain a urine specimen for drug testing. An instant testing device indicated the presence of buprenorphine, and the sample was sent to Alere Toxicology Services, Inc., for verification. Mr. Helbig admitted to Officer Greiwe that he had been using buprenorphine even during his incarceration. Officer Greiwe told Mr. Helbig to report to the

probation office on April 23, 2018 to discuss the test results.

While Mr. Helbig did appear at the Probation Office on the specified date, he did not comply with instructions. After being asked to wait in the lobby, Mr. Helbig left the office. Mr. Helbig's girlfriend, Cindy Hambrick, with whom he lived, subsequently called Officer Greiwe to report that Mr. Helbig had absconded. Days later, she turned over Mr. Helbig's phone to Officer Greiwe. It contained text messages Mr. Helbig sent to Ms. Hambrick indicating an intent to flee because he was going to get "locked up."

By the aforementioned conduct, the Report alleges that Mr. Helbig committed four separate violations of his supervised release. Specifically, Officer Greiwe stated that by using buprenorphine, Mr. Helbig violated two conditions of supervised release: that he refrain from *possession* as well as *use* of any controlled substance except as prescribed by a physician. [R. 1206 at 3.] Mr. Helbig violated a third condition to "answer truthfully all inquiries by the probation office and follow the instructions of the probation officer" when he left the probation office lobby on April 23, 2018 after being instructed to wait for Officer Greiwe. *Id.* Fourth and finally, Mr. Helbig violated the condition that he "shall notify the probation officer at least ten days prior to any change in residence or employment," because after leaving the probation office lobby, for a period of time Mr. Helbig's whereabouts and residence were unknown. *Id.*

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on September 26, 2018, Mr. Helbig entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 1205.] The United States made a motion for detention, and Mr. Helbig did not argue for release. [R. 1206 at 4.] Judge Ingram determined that detention was required. *Id.* On October 9, 2018, Magistrate Judge Hanly A. Ingram held a final revocation hearing where Mr. Helbig competently entered a knowing, voluntary, and intelligent stipulation to all

alleged violations set forth in Officer Greiwe's report. [R. 1205.] Subsequently, Judge Ingram prepared a Recommended Disposition. [R. 1206.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Mr. Helbig was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Mr. Helbig's admitted conduct qualifies as a Grade B violation with respect to the second violation, and a Grade C violation with respect to the first, third, and fourth violations. [R. 1206 at 5.] With his criminal history of III and a Grade B[1] violation, Mr. Helbig's range under the Revocation Table is 8–14 months. *See* U.S.S.G. § 7B1.1(b). At the final hearing, the parties jointly recommended to the Court revocation with twelve months of imprisonment, followed by three years supervised release. [R. 1206 at 4.]

Judge Ingram considered the relevant §§ 3553 and 3583 factors and determined that by continuing to use unlawful drugs, Mr. Helbig puts himself at risk for returning to the same behavior that led to his underlying conviction, conspiracy to manufacture methamphetamine. *Id.* Further, while Judge Ingram appreciated that Mr. Helbig was initially honest with Officer Greiwe when he confessed drug use, he noted that Mr. Helbig's actions in absconding from the Probation Office does not meet the Court's expectations of people on supervised release. *Id.* Mr. Helbig explained how fear and anxiety about returning to prison led to him flee the probation office. *Id.* He also stated that his completion of the Residential Drug Abuse Program while previously incarcerated had positive effects on him, in that it "gave him his life back" and helped him to recognize the detrimental effect that drug trafficking and drug use has on his community and his family. *Id.* Nevertheless, as Judge Ingram noted, Mr. Helbig continues to

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

use controlled substances in ways that undo his earlier progress. *Id.*

After consideration of the nature and circumstances of Mr. Helbig's conviction, as well as his history and characteristics, Judge Ingram determined revocation mandatory. [R. 1206 at 9.] Judge Ingram noted that the primary wrong in the supervised release context is violation of the Court's trust by the Defendant. *Id.* at 8. Mr. Helbig's initial sentence was at the bottom of the guidelines range, and he later received a reduction in that sentence, indicating that the Court had placed substantial trust in him. *Id.* at 8. Ultimately, Judge Ingram recommended a term of imprisonment of twelve months, followed by a three-year term of supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Helbig has filed a waiver of allocution. [R. 1208.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Igram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1206**] as to Defendant William Helbig, Jr.,

4

is **ADOPTED** as and for the Opinion of the Court;

    2.      Mr. Helbig is found **GUILTY** of all violations;

    3.      Mr. Helbig's Supervised Release is **REVOKED;**

    4.      Mr. Helbig is hereby sentenced to a term of incarceration of **twelve (12) months**;

    5.      Upon completion of the term of incarceration, Mr. Helbig is hereby sentenced to a term of supervised release of **three years** under the conditions previously imposed; and

    6.      Judgment shall enter promptly.

This the 11th day of January, 2019.

*[Signature]*

Gregory F. Van Tatenhove
United States District Judge