UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-00020-GFVT-HAI-23 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM HELBIG, JR., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram [R. 1470.] Defendant William Helbig, Jr., has been charged with violations of his supervised release. On July 22, 2014, Mr. Helbig was sentenced to eighty-seven months imprisonment, to be followed by four years of supervised release, after pleading guilty to conspiracy to manufacture 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. [R. 708.] On August 17, 2015, however, Mr. Helbig's sentence was reduced to seventy months pursuant to a sentencing guideline calculation change under 18 U.S.C. § 3582(c)(2). [R. 973.]

In January 2019, Mr. Helbig's supervised release was revoked, and he was sentenced to twelve months of imprisonment, to be followed by thirty-six months of supervised release, after committing multiple violations of the terms of his release. [R. 1238.] In February 2021, Mr. Helbig violated his release once more by using methamphetamine. [R. 1448.] At that time, however, the Court recommended no action and, instead, allowed Mr. Helbig to enroll in mental health and substance abuse treatment. *Id.* Now, stemming from multiple alleged violations which occurred during the month of May 2021, Mr. Helbig has been charged with violating four

terms of his supervised release.  [R. 1470 at 2-3.]  First, Mr. Helbig is charged with committing a Grade C violation for failing to report to a change in his living conditions to his probation officer.  *Id.* at 2.  Second, third, and fourth, Mr. Helbig is charged with committing Grade B and C violations for the use and possession of marijuana and methamphetamine.  *Id.* at 2-3.  On August 12, 2021, Mr. Helbig appeared before Judge Ingram for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 1466.]  During the hearing, the United States made an oral motion for interim detention.  [R. 1470 at 3.]  Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Helbig to the custody of the United States Marshal.  *Id.*  On August 17, Mr. Helbig appeared before Judge Ingram for his final revocation hearing.  [R. 1469.]  There, Mr. Helbig stipulated to having committed Violations #2, #3, and #4.  [R. 1470 at 3.]  The Magistrate Judge found Mr. Helbig to have made a "knowingly, voluntary[y], and intelligen[t]" stipulation.  *Id.*  In response, the United States made an oral motion to dismiss Violation #1.  *Id.*

At the final hearing, "the parties made a joint sentencing recommendation of revocation with fourteen months of imprisonment with no supervised release to follow."  [R. 1470 at 4.] Though the Government acknowledged that Mr. Helbig's admission of his violations to be a mitigating factor, it argued that his drug use has continuously escalated since his initial release from incarceration and that Mr. Helbig "never attended treatment prior to the current violations." *Id.*  While defense counsel agreed that Mr. Helbig's admission is a mitigating factor, he submitted that "Defendant cannot currently overcome his addiction."  *Id.* at 5.  After hearing both arguments, Judge Ingram evaluated the entire record and considered all of the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  Ultimately,

Judge Ingram recommended a sentence of fourteen months imprisonment, to be followed by no additional term of supervised release. *Id.* at 9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1).  Mr. Helbig has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on September 1, 2021. [R. 1472.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 1470] as to Defendant William Helbig is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Helbig is adjudged **GUILTY** of Violations #2, #3, and #4;

3. The Government's motion to dismiss Violation #1 is **GRANTED**;

4. Mr. Helbig's supervised release is **REVOKED** and he is **SENTENCED** to a term of imprisonment of fourteen months with no term of supervised release to follow;

5. Judgment shall enter promptly.

3

This the 15th day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge